Moiseenko v AGA Mgt. Corp. (2020 NY Slip Op 05819)





Moiseenko v AGA Mgt. Corp.


2020 NY Slip Op 05819


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 653454/15 Appeal No. 12067 Case No. 2019-04291 

[*1]Alexandr Moiseenko, et al., Plaintiffs-Respondents,
v
AGA Management Corp., et al., Defendants-Appellants, Cortell Communications Inc., et al., Defendants. [And a Third-Party Action.]


Sichenzia Ross Ference LLP, New York (Owen A. Kloter of counsel), for appellants.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered, as amended, September 25, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion for partial summary judgment dismissing the first cause of action for breach of contract for unpaid salary, unanimously reversed, on the law, with costs, and the motion granted.
The salary provisions of the Employment Agreements, while perhaps poorly drafted, are plain and unambiguous, and should be enforced in accordance with their plain terms (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008], affd 13 NY3d 398 [2009]). The relevant salary provisions provided that defendant AGA Management Corp. would pay each plaintiff, as compensation for his respective services, "in equal bi-weekly installments during the [five-year] Term, the sum of $50,000 (the "Base Salary"), less such deductions as shall be required to be withheld by applicable law and regulations." The only reasonable reading of this provision supports defendants' contention that the $50,000 Base Salary payment was to be an annual, as opposed to a biweekly, sum. Furthermore, if the total sum of $50,000 was due to plaintiffs every two weeks, there would no need to mention that each payment was be "equal" or that it was to be paid in "installments." 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020